Our seventh case today is United States v. Miller, and Mr. Patton again. Your Honors, in Mr. Miller's case, I'd like to focus, for oral argument purposes, on the In here, there's no doubt that Judge Miller made two factually incorrect findings and based his sentence on two factually incorrect findings. First, the judge found that the federal conviction was Mr. Miller's seventh felony conviction, and it was not, and the government has agreed to that in their brief. Actually, I'd like to ask you about that. Okay. Look at the definition of felony convictions in the sentencing guidelines, because he could have gotten up to two years on this Michigan, quote, misdemeanor, correct? No, because he pled to the attempt, and under Michigan law, the statutory max on the attempt is half of the statutory maximum of the substance offense, which is why the statutory maximum became one year, and it was a misdemeanor. And I believe the charging documents, the final documents even list that the statutory max is one year, and yes, Judge, this is in the supplemental filings when he actually pled to the misdemeanor, the maximum offense laid out on the documents is one year and or a $2,500 fine. Okay. Thank you. Yeah. Mr. Patton, going to the end of the sentencing hearing, Judge Miller is posing an inquiry to Mr. Wiseman, the defense attorney, and then to Mr. Miller himself with regard to the sentence, so this is afterwards. The court, and I'm reading from appendix page 34. The court, Mr. Wiseman, does the defense have any objection to the proposed sentence? Mr. Wiseman responds, he understands what the sentence would be, obviously it's different than my recommendation. The court, sure. Mr. Wiseman, but within the parameters, and so I do agree. At that juncture, is the defense making the argument that Mr. Wiseman is incorporating by reference his previous written objection to the number of convictions, or is he, I'm trying to get a handle on whether that colloquy at that juncture is somehow a preservation or the opposite of a preservation? I understand your question. I want to make one clarification. Defense counsel did not file a written objection to classifying this offense as a felony, all right? Because the pre-sentence report doesn't purport to, in any of the convictions, say whether they're felony convictions or misdemeanor convictions, and that's just the standard federal PSRs. They never do that. They never have a subsection that says this is a felony or this is a misdemeanor. So there wasn't anything to object to in the pre-sentence report. The pre-sentence report, what it didn't do was clarify that he pled to a lesser offense than what he was originally charged with. The PSR accurately sets forth the original charge, accurately says that he pled guilty, but it doesn't clarify that he pled to a less serious offense, but it then accurately sets forth what the sentence imposed was. And so before the sentencing, when Judge Miller started laying out this is your seventh felony, this is your seventh felony, there was nothing to object to. Now to be candid, I think it appears it was more Mr. Miller himself than Mr. Wiseman that objected to this count because when Judge Miller finally stopped after he was, for the He, what he does, he says, give me just a moment here. Mr. Miller, I just want to explain where I'm coming from because I know twice now I've mentioned seventh felony conviction and you seem concerned that I had it wrong. So Mr. Miller, it's not transcribed what Mr. Miller did, but he did something that was sufficient to get the judge's attention and Mr. Miller had previously in his allocution said I have five prior felony convictions and he specifically said that in his allocution which was before this point where Judge Miller stopped. And then Judge Miller said, so I know you think I'm wrong, let me take a pause, go through this and he did, it's just one of the convictions he listed wasn't a felony conviction, it's a misdemeanor. Would that not have been the time to object? They had already, the objection is what caused the judge to stop and I think this gets down to what's the difference between an objection and then the, what is an exception. The contemporaneous objection rule says you got to, at the time, stop the judge, bring it to the judge's attention so the judge can consider it. Right, I mean there is no objection at any point in this transcript. Mr. Miller is objecting, he's saying I don't have six felony convictions. I mean I, look I, no when he's allocuting he's saying I have five. Correct. There isn't anything in the nature of an objection here. Well as I said certainly there's nothing, whatever Mr. Miller was doing that caused Judge Miller to stop and address this issue is not transcribed and so I don't know if he was speaking loudly to counsel or if he was waving to the judge saying that's wrong but whatever he did was sufficient to make the judge stop and say look I think you're making a mistake and Judge Miller understood the mistake that Mr. Miller was claiming. He's saying I don't have that many felony convictions and that's why Judge Miller said I'm going to stop and go through these, the convictions, what I am saying are the felony convictions. Now look, obviously it would have been better if someone, including the prosecutor or the probation officer, would have, or defense counsel too, I mean in fairness, would have said hey this one's a misdemeanor. I don't doubt and don't suggest that it would not have been better to do that but I don't think that is necessary to preserve the issue any more than it's already preserved because Rule 51b says you don't have to take exceptions to the judge's ruling and that's why Judge Miller has already addressed that particular issue and made a ruling. The judge is then saying hey look in the context of what I've already said, is there anything else? And so the defense, you don't have to re-object at that stage. So that's Mr. Wiseman's use of the phrase but within the parameters. Yes. Let me ask you a couple of quick questions Mr. Patton. First of all, would you call this a guideline error that actually affected any guideline calculation? No, it's not because it would not have changed, it wouldn't have changed the guidelines. And so, okay, so I guess one of the concerns I have, you want a remand for resentencing because of the mischaracterization, I understand that, I guess I'm concerned about how much point there would be given that whether this is called a felony or a misdemeanor, Mr. Miller is still literally off the charts on criminal history. That's accurate, but it also gets into the second area where the judge is saying I think if the criminal history categories went on, you'd be in criminal history category 8. He wouldn't. He'd be in criminal history category 7. I know 7 is still higher than 6. That's not a literal statement. I think it's a very literal statement because under 4A1.3 when you're talking about even considering, and I know this wasn't, the judge didn't depart, but 4A1.3 says when you're looking at criminal history that goes beyond 6, what you do is you can project out. And it's just, the fact that he said he was going to be in 8 rather than 7, says he's got 7 convictions. But the judge wasn't purporting to do an alternative calculation, all he was doing is engaging in some comparative analysis to explain why he was considering giving the maximum sentence, not withstanding the guidelines. And he didn't end up doing that, but he said the case deserved it. I understand your points, and I understand the statements that Judge Miller made. But the main reason I filed my Rule 28J letter raising Rosales-Morales is not that this is a guideline error case. It's not. And I said as much in my 28J letter. But the basis for, I believe, or at least a strong basis for the Supreme Court saying ordinarily when this happens, this is plain error, is because it is to promote respect for the system. That when it is clear that a judge in probation officer, when they're just wronged, and then use that wrong information as a basis for their sentence, that's just not something we should say, eh, no big deal, it's harmless. That is corrosive, because it just is. It appears like the judiciary is saying we're not willing to be held accountable for our own mistakes. If I could, I'd save my last few seconds for rebuttal. That's fine. Mr. Ryland. May it please the Court, I'm Luke Rylander on behalf of the government. To go briefly, Judge Hamilton, to your first question, MCL 750.227C is read in conjunction with MCL 750.92, those are the two Michigan statutes that in conjunction create the one year limit. So you're satisfied? Yeah, satisfied. Okay. Just wanted to point you to that citation. With regard to the point as to whether the defendant preserved or didn't preserve this objection for the number of felonies that he had, I was a trial court attorney, and Mr. Miller first brought up the number of felonies he had in the context of his personal statement where he was actually articulating a bunch of other objections, that he was innocent, that the government was tampering with evidence, and those are the objections that were listed in the defense sentencing memo at the time, and that's the objections that I think the court, and at least myself, were expecting. Certainly at the time, I did not realize that there was an issue with the Michigan conviction being characterized as a felony or a misdemeanor. I don't know what Mr. Miller did during the hearing that prompted Judge to stop and then list out all the convictions. You were the only attorney who was present here that was present there. That's correct, yes. And as I recall, Judge Miller's courtroom, it's side-by-side tables, correct? That's right. I was looking at Judge Miller. I wasn't looking at over at... That answers the question with regard to appendix page 32. Right. But I do know that when Judge Miller was listing out those sentences, nobody spoke up and said, no, that Michigan conviction, that shouldn't be characterized as a felony, and certainly I think in order to preserve it, defense has to bring it to the judge's attention so that the judge can, at that point, address the issue. Certainly I wasn't aware of it, and I don't think Judge Miller was aware that that conviction should be a felony or a misdemeanor. Regardless, our position is that even if it's preserved, this mistake still is not a significant factor that tainted the sentence. The mistake was only classification about whether it was a felony or a misdemeanor. Judge Miller was not mistaken. And yet, Judge Miller said four times this was the seventh felony, right? Yes. I mean, that's... One could easily see the judge thinking this didn't matter that much, that the classification didn't matter that much, but that's not the language we see in the record. That's true. I think in the context of the entire sentencing, Judge Miller was making this point because of the breathtaking nature of the defendant's criminal history. Judge Miller was not mistaken about the fact that there was a conviction, that defendant did violate criminal laws, and there was a valid Michigan conviction. There was no mistake about the nature of the facts underlying that conviction. Those are listed in the pre-sentence report, namely that the defendant was in a car and was found with a gun in the car in Michigan for that Michigan conviction. And then the greater context of it, Judge Miller was not mistaken about the fact that based on the record, the defendant was only 31 years old, this was his twelfth conviction whether it be misdemeanor or felony, that he's been incarcerated or under criminal supervision every day continuously for the last 15 years, that he was committing new criminal activity while on parole or probation for previous criminal activity, that he was at a high risk of future crimes. All of that is the context in which Judge is setting out the criminal history of the defendant. And even so, Judge Miller says, this seems to support a sentence at the high end of... of 120 months. The sentencing guidelines counsel against that. And so, you know, even so, that the criminal history of supports a sentence towards 120 months, I'm going to stay within the guidelines with an 87-month sentence. Mr. Rylander, this was a trial case, correct? Yes. You tried the case? Yes. Was... Did Mr. Miller testify? He did not testify, no. So there's no pre-eliminated calculation with regard to the number of convictions he had in case he had taken the stand of whether they were within 10 years, etc.? That's correct. And defense counsel accurately described how the pre-sentence report is prepared, and it's just something that we didn't... weren't aware of when we were looking at the pre-sentence report. Is there anything in the transcript that would suggest that Judge Miller would have seen this case differently for sentencing purposes had he known that the real count was six felonies plus one misdemeanor gun crime? No. Not at all. I don't think so at all. So the materiality of this mistake... Is... Seems... Dependent? Pardon me? Seems minimal? That's exactly right. I want to point out the three cases that I mentioned in my brief. The Jones case, Juan Jardo-Martinez case, the Rivera-Brugarn case. Those were cases where trial courts did make errors in some aspect of the defendant's criminal history, and yet even so, this court, looking at the record, said, well, these errors don't rise to a certain level that they taint the choice of sentence. I think the error here is even lesser than those mistakes in those three cases, because there isn't really a mistake about the nature of the criminal history. The facts... What I mean by the facts of the defendant's criminal history, it's only a mistake about how this particular gun crime is classified, misdemeanor versus felony. This court's jurisprudence, there is no rule of automatic reversal. That's not the appropriate remedy, so looking at all the record here, there's no... That undermines the sentence, and therefore it should not be remanded for resentencing. With respect to the... If there's no other questions on this... Oh, I should mention the criminal history category eight reference. Of course, Judge Miller's making that reference insofar as he's making the point that four points... That the defendant has four points more criminal history points than the threshold to reach criminal history six, which is the highest criminal threshold, and therefore sensing guidelines are under-representing the defendant's actual criminal history, and yet at the same time, the judge doesn't impose a sentence above the sentencing guidelines. I think this may be a different case if the judge had imposed a sentence above the sentencing guidelines, but he doesn't do so, he imposes a within-guidelines sentence. As for sufficiency of the evidence, briefly, there is evidence to support the jury's verdict in this case. The jury viewed the video of the patrol car where the police officers immediately see the gun at the feet of the defendant when he steps out of the car, and then we, of course, we have the testimony of the police officer beforehand that the car was empty before the defendant got into the car. If there are no other questions, I ask that this court affirm the judgment of the trial court. Thank you. Thank you. Mr. Patton. Two points. Number one, even though this error wasn't a guideline error, in U.S. v. England, this court held that the due process problems with relying on inaccurate information apply to the facts considered under 3553A just as much as the guidelines, and these were clearly facts that Judge Miller relied on in his 3553A calculation, which then gets you to the harmless error in X. Roy Welch v. United States when this court talked about harmless error when you have this Townsend-Tucker problem. The question the Supreme Court says was whether the sentence might have been different, and this court said that question is best addressed in terms of whether the court relied on the erroneous information. So if the court relied on the erroneous information, then it's not harmless, and in the case decided by the government, this court found that the sentencing judges really didn't rely on it too much. Here, there really can be no question that Judge Miller relied on this information. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement. Thank you.